Good morning. May it please the Court, Michael Tanaka appearing on behalf of Mr. Avendano. Here, the issue at the District Court was whether the warrantless search of Mr. Avendano's vehicle was justified by any exception to the warrant requirement. Government proposed two exceptions, as a search incident to arrest and as a lawful inventory search following an impound. At the hearing, the District Court denied the motion finding that the search was lawful as an incident to arrest and did not rule on whether that would have been lawful as an inventory search. We appealed, and following the filing of the opening brief, the Supreme Court issued its decision in Arizona v. Gantt, and now it's clear that the search cannot be justified as a search incident to arrest. So the only remaining question is then whether the search could be justified under the inevitable discovery doctrine as an inventory search. Is that issue in front of us at this point, since the District Court did not make any ruling on that? Yes, it is, Your Honor. It is because the issue before you is whether the motion was properly denied, whether the search was a proper search, whether the search was a constitutional search. The government bore the burden in the District Court of justifying any exception to the warrant requirement. It proffered to. It presented its evidence. So we have a full record on both issues. And it really doesn't matter that now the Supreme Court has said, oh, you're right, it's not justified as an incident to arrest. It has no real bearing on whether that search was justified as an inventory search. Mr. Tanaka, not Mr. Gantt. Mr. Tanaka, my problem with it is, sure, there was some record out there on the inventory search side, but a lot of it is fact-driven. And there are disputes about who saw what when and what could have been done by way of trying to contact the girlfriend. And there's nothing in there about what the procedures for an inventory search are or whether they were followed. And I don't exactly want to paw around in the record and the law and try to figure it all out. So why isn't the prudent remedy to just send it back and let the district court sort it out? There are two different or there are three issues with respect to inventory search. One, the vehicle is lawfully impounded. As to that issue, absolutely, Your Honor, I agree. There are factual disputes and there are unresolved facts that the district court plainly declined to resolve. The other two issues with respect to inventory search are whether there was a policy. And the third issue is whether any search conformed to that policy. Now, assuming that we resolve all the factual disputes in favor of the government with respect to whether the vehicle could have been lawfully impounded, and we'll give them that, that leaves the other two issues. There are no factual disputes there. As Your Honor pointed out, there is a lack of evidence. But that falls solely on the government's shoulders. There's the government has no more incentive now than it did at the time of the hearing to present all the relevant evidence on that question. All the evidence was presented. It's before the court. None of it conflicts. It just doesn't exist. But then if you're asking us to accept everything in government's favor, then wouldn't you, for example, you'd assume that the procedures were constitutionally valid and would follow, and you would assume that they couldn't contact the girlfriend, and you would assume, and so therefore it's going to be all lawful, isn't it? No. That would mean that the impound was lawful. And I'll concede that for the purpose of this argument. But I will not concede, therefore, then that there was a valid inventory search because, one, there was no evidence that there is any policy of the sheriff's department with respect to the inventory searches. And, two, even if there was, there is absolutely no evidence that these two particular sheriff's officers followed that policy. So you're saying that they could have impounded the car and taken it somewhere, but the government failed to meet its burden of showing that an inventory search would then be inevitable. That's correct, Your Honor. And this Court has decided cases just like that where the inventory search was at issue, in Johnson, cited in the brief. The court had found that the district court had found that the car was lawfully impounded. On appeal, this Court agreed with that, but found that since the government had presented no evidence, that the search reported with any policy reversed the order denying the motion and remanded it with an order to suppress the evidence. That's exactly the same thing we have here. That has not changed anything. The district court's failure to resolve the issue goes only to unresolved factual questions. It doesn't mean that the government gets another chance to bolster the record with evidence that it should have presented the first time. There's nothing justifying the failure of proof in this case. Let me ask a question about that. So, and I grant that I'm the outlander here, not from the Ninth Circuit, but what was the state of the law in the Ninth Circuit at the time the motion to suppress was tried about whether these search of a car incident to an arrest, whether you could do that or not? Was it clear that you could, as it was in a lot of circuits, or was it unclear? I'm really going at your point that the government didn't have any incentive not to present everything on the second issue. There was some, it was at least arguable. It wasn't clear cut. It was certainly arguable, so. Okay. That's why you're saying the government didn't have any incentive to go, didn't have any incentive to hold back anything. There's no slam dunk in that. If you read the opening brief, which was filed before Arizona v. Gantt, I think it makes a fairly decent argument that it wasn't valid as a search under, as an incident to arrest even pre-Gantt. So that's the whole point here. And if you look at, you read the hearing. They asserted the two arguments. Pardon? They, they, the government brought up the two arguments in the alternative, knowing that they might not prevail on one or the other. That's correct. And if you read the hearing, it's clear, the introduction of the hearing, they talk about there are two issues here. Did you make any pitch to the district court that the government plainly failed to carry its burden on the inventory search for lack of evidence of policy and compliance with the procedures? There was a statement at the end of the hearing, after the evidence had been presented, that the government had failed its burden to present facts justifying the inventory exception. And that's at ER. Yeah, but I mean specifically with respect to the failure to produce evidence of their procedures and compliance with it. There was no statement as to that. What do we, what do we make of that? Well, I don't think it was the defense counsel's duty to fill in the evidentiary holes for the other government. Well, I agree that it's not the duty to fill in an evidentiary hole, but to perhaps point out the hole. Had the hole been argued, then the government might have said, well, if that's of importance to the court, that is, if you're going to reach the issue, then it's easy. We'll just put on our procedures and put back on the officer to say we complied with it. Perhaps, Your Honor, but there was no indication that prior to the closing evidence that the court was going to decide this case on the first trial. That's my point. That's my point exactly. If that's true, then isn't the reasonable thing to do to send it back so that everybody has got their eyes opened on what the real issue is? Well, I guess my point is that the issue has never changed. Yeah, okay. And if you look at a court's ruling, it's clear that the court wasn't clear on which ground it was going to rule on until the very end. The court said that the two justifications offered might not require looking into the shoebox, suggesting that even under an inventory search, it didn't conform to the policy. That's at ER 22. So we're here, in essence, we're asking to give the government a second bite at the opportunity to do so in the first place, and nothing has changed with respect to that inventory search. Thank you. Ms. Garcia. May it please the Court. My name is Yvonne Garcia and I represent the United States. The government's position in this case is that this court should remand to the district court to allow the district court to decide an issue that was raised but never decided during the suppression hearing. That is, whether or not the cocaine found in the defendant's SUV would have inevitably been discovered during the inventory search. So if the case gets sent back, is there going to be an issue as to whether you get to put on more evidence about that? That seems to be part of what Mr. Tonac is talking about. In other words, whether it should go back on a closed record, an open record, or whatever the terminology would be. Our position is that is something that should be left up to the discretion of the district court. If the district court decides that it wants to decide this issue on a closed record, then that is something that it, of course, has discretion to do. But if it also wishes to open for new evidence, it does have discretion and should have authority to do so. There's a fair amount of force to Mr. Tonac's argument that, you know, both issues were before the district court at the government's behest. Government put on whatever evidence it wanted to put on with respect to the Gantt issue and it put on whatever evidence it wanted to with respect to the inventory search, not knowing at any point during the exercise until the district court ruled which one it was going to rule on. So if there is no evidence of policy or compliance, then why shouldn't we just say there was insufficient evidence on the inventory search? As an initial matter, I do want to note and I acknowledge that the better course of action for the government would have been to put in everything at once. Policies and procedures should have been in there. However, a majority of the argument at the suppression hearing the government submits was geared toward search incident to arrest, and the government strongly felt that it was a clear-cut issue. Contrary to Mr. Tonac's assertion that it was not. We felt that it was strongly a search incident to arrest rationale, and the district court ultimately thought the same, at least under the existing case law at the time. And I want to note that given the legal situation at that time, it was understandable for the district court not to address the inventory search issue when it had another basis upon which to draw the motion. But was your brief where you addressed it for three pages just an afterthought or irrelevant? I mean, the government's opposition relies, it says, even if defendant's arrest was improper, the officers would have inevitably discovered. And then it discusses it at length. So, I mean, what are you saying, that you didn't know this was an issue and put it before the district court? I mean, it was part of your motion. You put on evidence. You know, really, aren't you asking just for a second by the apple, and how do we even know if there is anything out there? Because why wouldn't the government have put everything in if it existed? Your Honor, it was we did include that in our original opposition because we believe that it applied. And you put on evidence and testimony to that, too. And you argued it to the district court, too. That is correct, Your Honor. It's just that at the end, the district court, it seems to me she didn't reach that issue because she thought that it was clear search incident to an arrest, and why go into this other thing where the government may not have put on enough evidence or perhaps the impound wasn't legal anyway? I'd like to address several points. First. Make your best case on the evidence that's in the record that this was a, that the cocaine would have been inevitably discovered because of a proper impound and inventory search. Certainly. Well, Your Honor, as you noted, in our opposition, we did assert that the officers would have lawfully found the cocaine pursuant to an inventory search. It was not discussed at length or in detail, but. What's your evidence that, like, make your best case on the evidence in the record? The officers, as noted in the police report, which was appended to defendant's original suppression motion, the officers themselves noted that they conducted the inventory search prior to impound. That was not challenged at any point at the district court level, that the officers had not complied or done that according to proper procedures. The only thing the defendant was focusing on and the cues that the government took at the hearing was the defendant was focusing upon the deputy's authority to conduct an inventory search at all. It sounds like you're relying on what the defendant raised and didn't raise. I mean, I think Judge Wardlaw's point is that it was your burden to show all this stuff, and where is it in the record? I mean, you're basically, I can certainly understand why the district court didn't reach this, you know, the inventory search issue because the district court thought the first issue was clear enough. The real question is why the government didn't put on the evidence because, as was pointed out, you didn't know how the district court was going to rule in advance. It sounds like you're kind of conceding that there wasn't any evidence put on about, you know, the sub-issues two and three, in other words, the existence of a policy and then acting in conformity with it. That is correct. The evidence is not what it should be on that point. However, I just want to, you know, it goes back to the fact that Gantt has changed the line, why this issue is even important now that we're here at the appellate level. Had Gantt been decided before this case came to the appeals court, for example, had Gantt been decided prior to the defendant choosing to plead guilty, the district court at that time would have had discretion to reopen the suppression hearing, and if it so chose, to make a decision. There's some force to that, too. But the thing is, you chose, the government chose to say it shouldn't be suppressed for two reasons. What if you had added a third, and besides the defendant consented, but you neglected to put on any evidence that the defendant consented? Would you now be standing here and saying, oh, well, we should be able to go back, even though we raised the issue? We just forgot to ask the police officer to testify to what, whether the defendant consented. I mean, there's no way we would send that back. The difference here is that there is some evidence in the record as to an inventory search. Sure, but just not as to all the elements. Isn't that the failure of the government to have met its burden? The government on this record did not meet its burden. That is correct. However, given the existing case law, because the ---- I don't understand this. I mean, I really, really don't, because if you're going in litigation, whether criminal or civil, if you're going to put a ---- if you're going to make a legal argument, you put your best case forward at the time. You don't not put it forward, especially when you don't know which way the judge is going to roll. And you're admitting you didn't put ---- the government didn't meet its burden of showing it's a search incident to arrest. We don't even know, based on this record, whether the government could ever meet that burden. And maybe we shouldn't even be asking that question, because we're supposed to roll on this record. That's correct. But this is a case where the district court itself has not even addressed it. You know, we're so hard on defendants in terms of not meeting their burden or not making the correct evidentiary showing, as you could tell from the last argument. And the government is asking us to be more lenient on the government than we are with defendants. Your Honor, I don't believe the government is, in light of the fact that we're asking this Court to remit on an issue that the government has raised and has presented some evidence, evidence which has not been resolved by the district court at all. And so I think that's what distinguishes it from just a situation where we're assessing a defendant, for example, in the last case, at least based on what I heard, a defendant failing to raise an issue below and now raising it for the first time on appeal. And I think that this is not the first instance that the government has requested and has – and this Court has actually remanded situations where a district court has not decided an issue related to a suppression motion, facts have not fully been litigated, and this Court has in past cases remanded to the district court for further proceedings as the district court feels it's appropriate. Isn't it the difference here, though, that the facts were fully litigated and the arguments were fully made and heard? I think the arguments were fully made and heard, but also based on the fact that in the end the Court decided that this was a valid search incident to arrest. Had the Court decided the other way, inventories would have been going to the courts. The courts don't usually – they don't need to reach issues once they – we routinely don't reach issues once we've made one dispositive ruling. That is correct, Your Honor. But as noted in the cases that cited by the government in its own brief, in situations like that where the district court has not reached an issue because it hasn't had to, but later this Court decides, for example, a search was not actually a valid consent search and there are open issues, remand has been appropriate. And, for example, in Tsipras, there were some facts in the record regarding whether there was a search incident to arrest, but questions remained, facts still needed to be found, and the Court remanded in that case. And I see that my time is up. Thank you. Thank you. Okay. Thank you, counsel. Mr. Schlock, anything further? No. All right. Thank you both for your argument. And the matter just argued will be submitted.
judges: Kennelly, Rymer, Wardlaw